# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY ALLEN PARSONS, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. 10-40 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| KENT W. CANNON, et al., | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 18], be granted.

**II.  REPORT**

**A.  Relevant Procedural and Factual History**

On February 19, 2010, Plaintiff Timothy Allen Parsons, a prisoner formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Kent W. Cannon, Drug Abuse Program ("DAP") Coordinator at FCI-McKean ("Cannon"); Francisco J. Quintana, former Warden at FCI-McKean ("Quintana"); Harrell Watts, the Bureau of Prisons ("BOP") National Inmate Appeals Administrator ("Watts"); D. Scott Dodrill, former BOP Northeast Regional Director ("Dodrill"); Beth Weinman, National DAP Coordinator ("Weinman"); Walter L. Rhinehart, Chief Psychologist at FCI-McKean ("Rhinehart"); Jerome Fox, Northeast Regional DAP Coordinator ("Fox"); Ann Miller, Assistant Case Management Coordinator at FCI-McKean ("A. Miller"); Camm Lounsbury, Correctional Counselor at FCI-McKean ("Lounsbury"); Timothy Roche, Correctional Counselor at FCI-McKean ("Roche"); Scott A. Eckert, Drug Treatment Specialist ("DTS") at FCI-McKean ("Eckert"); Loren Miller,

DTS at FCI-McKean ("L. Miller"); Michele Boutelle, DTS at FCI-McKean ("Boutelle"); Jessica K. Hervatin, DTS at FCI-McKean ("Hervatin"); and Lori Carlson, DTS at FCI-McKean ("Carlson").

In his *pro se* Complaint [ECF No. 3] Plaintiff claims that he was expelled from FCI-McKean's Residential Drug Abuse Program ("RDAP") in violation of his rights under the first, fifth and sixth amendments to the United States Constitution. In particular, Plaintiff claims that: (i) Defendant Cannon arbitrarily and capriciously expelled him from the RDAP program; (ii) Defendants Eckert and Boutelle issued improper RDAP warnings that allegedly led to his expulsion; (iii) Defendants Quintana, Dodrill, and Watts failed to provide him with the minimum protections of procedural due process by denying his administrative remedy requests and appeals without considering his arguments; (iv) Defendant Roche "intentionally thwarted Plaintiff's administrative remedies;" (v) Defendant Weinman failed to investigate a letter Plaintiff sent her regarding his RDAP expulsion; (vi) Defendants Rhinehart and Fox supported Plaintiff's RDAP expulsion "based solely upon Cannon's false charges;" (vii) Defendants A. Miller and Lounsbury "failed to adequately investigate [Plaintiff's RDAP] expulsion;" (viii) Defendants L. Miller and Carlson "allowed" Plaintiff to be expelled based upon false charges; and (ix) Defendant Hervatin "filed false RDAP reports relating to Plaintiff's expulsion." In addition, Plaintiff claims that Defendant Cannon intentionally filed false charges against him in retaliation for his filing of a grievance against Defendant Cannon.

On August 24, 2010, Defendants filed a motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 18], asserting, *inter alia*, that Plaintiff failed to exhaust his administrative remedies with regard to his claims against all Defendants other than Defendant Cannon, and Plaintiff's remaining claims against Defendant Cannon are barred by the doctrine of collateral estoppel. Plaintiff filed a response to Defendants' motion on December 6, 2010.

[ECF No. 23]. This matter is now ripe for consideration.[1]

### B. Standards of Review
#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a

---

[1] Both parties have submitted exhibits in support of their respective positions, which have been reviewed and considered by the Court. As a result, Defendant's motion to dismiss will be treated as a motion for summary judgment under Rule 56, in accordance with Fed.R.Civ.P. 12(d).

3

'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

> The Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:
>> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>>
>> * * *
>>
>> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)(emphasis added)(citations omitted).

### 2. **Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of

law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000). Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See

Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff's claims against all Defendants other than Defendant Cannon should be dismissed for failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:
> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

#### 1. Exhaustion Standard

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Although Plaintiff is no longer a federal inmate, having completed his term of imprisonment on August 2, 2010, it is undisputed that he was in federal custody at the time he initiated this lawsuit on February 18, 2010. It is well-settled that, for purposes of exhaustion under the PLRA, a plaintiff's status as a "prisoner" is determined at the time his complaint is "brought," or filed in court. See George v. Chronister, 319 Fed. Appx. 134 (3d Cir. 2008), citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Because Plaintiff was a 'prisoner' in federal custody at the time he filed his complaint in this matter, he was required to exhaust his administrative remedies on all issues before filing his complaint.

Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that ϲ1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[4] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### **2.     The Administrative Process Available to State Inmates**

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request

occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 3. Analysis

In support of their contention that Plaintiff failed to exhaust his administrative remedies with regard to his claims against all Defendants other than Defendant Cannon, Defendants have submitted the Declaration of Vanessa Herbin-Smith, Supervisory Paralegal at the BOP's Northeast Regional Office, who declares the following:

> 6. Following a search of the administrative remedy index, I determined that [Plaintiff] fully exhausted his available administrative remedies regarding his challenge to his RDAP expulsion. However, [Plaintiff] has not exhausted his available administrative remedies regarding any other issue raised in his complaint, including his allegations regarding defendants Boutelle, Eckert, Quintana, Watts, Dodrill, Weinman, Rhinehart, Fox, Ann Miller, Lounsbury, Roche, Carlson, Loren Miller and Hervatin.
>
> 7. [Plaintiff's] Administrative Remedy Index reflects that to dat, he has not properly filed any Administrative Remedy Requests or appeals alleging staff failed to investigate his RDAP expulsion, denied him procedural due process protections, unlawfully supported his RDAP expulsion, or interfered with his access to the administrative remedy process.
>
> 8. [Plaintiff's] Administrative Remedy Index reflects that on or about March 9, 2009, he filed a Request for Administrative Remedy (Case Number 527247), in which he alleged he was authorized under the First Amendment to make a remark regarding the philosophy statement adopted by his RDAP cohort.

9

> As relief, he requested the RDAP warning he received for making disparaging remarks regarding the philosophy statement be removed.... However, Plaintiff did not file a Central Office Appeal in Case Number 527247. Thus, he has not exhausted his available administrative remedies regarding his challenge to the issuance of RDAP warnings.
>
> 9. On February 11, 2010, he filed a Request for Administrative Remedy (Case Number 577570), in which he alleged numerous fraudulent documents were maintained in his Residential Drug Abuse Treatment Program (RDAP) file.... However, to date, Plaintiff has not appealed the Region's Response in Case Number 577570 to the Bureau of Prisons Central Office. Therefore, Plaintiff has not exhausted his available administrative remedies regarding his allegation Defendant Hervatin filed fraudulent documents in his RDAP file.
>
> 10. Plaintiff has not exhausted his administrative remedies regarding his allegation that Defendant Roche thwarted his access to the administrative remedy process by refusing to issue an acknowledgment of receipt of his informal resolution form and later claiming he lost it. Although Plaintiff has exhausted his available administrative remedies for a claim alleging Defendant Roche verbally abused him (Case Number 542283), at no point in the Administrative Remedy filings for Case Number 542283 does he allege Defendant Roche thwarted or interfered with his access to the administrative remedy process.
>
> 11. Therefore, to date, [Plaintiff] has not exhausted his available administrative remedies on any issue raised in this civil action relating to Defendants Boutelle, Eckert, Quintana, Watts, Dodrill, Weinman, Rhinehart, Fox, Ann Miller, Lounsbury, Roche, Loren Miller, Hervatin, and Carlson, and because over 20 days has elapsed since the date of any of the incidents alleged in the complaint in which these defendants may be connected, he is now time-barred from accessing the administrative remedy process for these issues.

(ECF No. 19-1, Declaration of Vanessa Herbin-Smith, at ¶¶ 6-11).

In response, Plaintiff merely argues that "[t]he administrative remedy process is nothing more than a partisan process concocted to provide protection to BOP employees who violate the rights of those in their custody, as exemplified by the continual denials of plaintiff's administrative remedies, depriving the plaintiff the protection of the Due Process Clause." This response is insufficient to overcome Ms. Herbin-Smith's Declaration, which makes clear that Plaintiff has failed to exhaust his administrative remedies with regard to his claims against all

Defendants other than Defendant Cannon, and is now procedurally defaulted from doing so. As a result, summary judgment should be entered in favor of Defendants Quintana, Watts, Dodrill, Roche, Weinman, Rhinehart, Fox, A. Miller, Lounsbury, L. Miller, Carlson, Boutelle, Eckert, and Hervatin, on all claims brought against them in this action.

### D. Discussion

The only claims that have been properly exhausted in this case are Plaintiff's due process and retaliation claims against Defendant Cannon arising from Plaintiff's expulsion from RDAP. Nonetheless, Defendants contend that such claims should be dismissed because they are barred by the doctrine of collateral estoppel.

For a party to be estopped from re-litigating an issue, the following elements must be present[5]: (1) the issue sought to be precluded must be the same as the one involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 214 (3d Cir. 1997). "Use of the adjective 'collateral' to characterize this form of estoppel grows out of the fact that the bar of the prior adjudication is not interposed directly, by parties to the prior suit, but indirectly, by new defendants, strangers to the earlier action. Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972).

Defendants argue that all issues concerning Plaintiff's expulsion from FCI-McKean's RDAP were previously raised and fully litigated to final judgment in Plaintiff's habeas corpus petition that was filed with this Court on March 27, 2009, at Civil Action No. 09-57 Erie. The Court agrees. In his prior habeas action, Plaintiff alleged that his expulsion from the RDAP

---

[5] Because the final judgment upon which Defendants' claim of collateral estoppel is based was issued by a federal court, the Third Circuit's formulation for federal collateral estoppel applies.

11

violated his First, Fifth and Fourteenth Amendment rights, and was done in retaliation for his filing of grievances. A final judgment was entered in favor of the respondent in that case on January 20, 2010. Plaintiff subsequently filed an appeal of the denial of his habeas petition with the Third Circuit Court of Appeals on or about January 27, 2010; however, the Third Circuit issued an Order granting the respondent's motion for summary affirmance on May 19, 2010. Parsons v. Quintana, No. 10-1360 (3d Cir. May 19, 2010). Thus, Plaintiff had a full and fair opportunity to litigate the issues presented, which were identical to those raised here. Accordingly, Plaintiff is barred by the doctrine of collateral estoppel from re-litigating the same issues in this case, and Plaintiff's remaining claims against Defendant Cannon should, therefore, be dismissed. See, e.g., Day v. U.S. Dep't of Justice, 2007 WL 1321208 (D.N.J. May 2, 2007), aff'd 275 Fed. Appx. 90 (3d Cir. 2007)(dismissing prisoner civil rights action raising identical issues to those previously raised in federal habeas corpus petition that was fully litigated and denied by final judgment).

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or, in the alternative, motion for summary judgment [ECF No. 18], should be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: February 2, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge